AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Southern_____ District of _____New York_____

Howard Effron

V.

Element 21 Golf, Inc. and Nataliya Hearn

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:

**08 CV 0965**

**JUDGE MARRERO**

TO: (Name and address of Defendant)

Element 21 Golf, Inc.
200 Queens Quay East, Unit 1,
Toronto, Ontario

Nataliya Hearn
c/o Element 21 Golf, Inc.
200 Queens Quay East, Unit 1
Toronto, Ontario

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Siller Wilk LLP
Stuart M. Riback
675 Third Avenue
New York, NY 10017

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON                            JAN 29 2008
CLERK  /s/ Marcos Quintero                    DATE

(By) DEPUTY CLERK



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
HOWARD EFFRON,                          :

        Plaintiff,                     :   **COMPLAINT**

    - against -                              :   Case No.

ELEMENT 21 GOLF, INC., and              :   **08 CV 0965**
NATALIYA HEARN,

        Defendant.                     :
-------------------------------------------------------------x

**JUDGE MARRERO**

    Plaintiff Howard Effron by his attorneys Siller Wilk LLP, for his complaint herein alleges as follows:

*[Filed stamp: JAN 29 2008 U.S.D.C. S.D.N.Y. CASHIERS]*

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Howard Effron is a citizen of the State of New York

2. Defendant Element 21 Golf, Inc. ("E21") is a Delaware corporation with its principal place of business at 200 Queens Quay East, Unit 1, Toronto, Ontario.

4. Defendant Nataliya Hearn is a citizen of Ontario, Canada.

5. This Court has jurisdiction of the subject matter of this action under 28 USC § 1332.

6. Venue of this action is proper in this district pursuant to 28 USC § 1391(a)(2) because a substantial part of the events that gave rise to this claim occurred in this district.

### FACTS

*The parties' agreements*

7. On March 28, 2005, Effron, E21, E21's CEO and Effron's then-partner, Larry Berk, entered into an agreement (the "3/28 Agreement") under which, *inter alia*, Effron and Berk were to

raise funds for E21. The 3/28 Agreement was negotiated and executed in Manhattan. Berk has since assigned to Effron his interest in this agreement.

8. The 3/28 Agreement provides, among other things, that:

- "Effron-Berk shall receive 5% of the stock of [E21] as a non-refundable retainer."

- "Effron Berk shall receive 10% of the money they raise directly or indirectly and an option for four years on 10% of the stock given for the money at the same price as paid for the stock."

- "Effron will be hired as a consultant after the money is raised at a mutually agreed fair market retainer."

9. Later that year, Effron entered into another agreement with E21 and its CEO, Nataliya Hearn. That agreement is dated December 31, 2005, and provides in relevant part as follows:

 (1) "This agreement is in addition to the Agreement of 03/28/05 between Hearn, [E21] and Effron, which remains in full force."

 (2) "Effron will have the right to join E21, when E21 has received from Effron sources of at least $1,000,000 towards its goal of $6,000,000. Effron will have the title of Chairman and shall receive the same remuneration as Hearn (presently set as $175,000 per year, with $100,000 per year paid the first two years and $75,000 accrued. The chairman position will have to be confirmed by the funding group . . . ."

 (4) Effron shall receive all of the normal company perks.

*E21's refusal to honor its agreements*

10. As a result of his initial efforts to obtain funding for E21, Effron brought to E21 an investor group, that invested $770,000 in E21.

11. E21 never issued to Effron the stock he was owed for his nonrefundable retainer.

{00203275v1}

12. Thereafter, Effron introduced to E21 an investor who was interested in investing up to $7 million.

13. E21 refused to cooperate with the potential investor and refused to provide information and other cooperation that investors normally require. As a result of this deliberate stonewalling of the investor group, Effron was improperly deprived of the opportunity to obtain funding of at least $1,000,000 for E21. Had E21 not stood in the way of Effron's fundraising efforts by refusing to cooperate with investors, he would have been able to raise at least $1,000,000 and would have qualified to be Chairman, and would have reaped the rewards of that position as set forth in the parties' agreement.

14. Although Effron brought to E21 investors ready, willing and able to invest, E21 never hired Effron as a consultant, whether at a fair market price or any other price.

15. Effron received no company perks at all.

16. Effron was not issued warrants as required by the parties' agreements.

### FIRST CLAIM FOR RELIEF
(Breach of Contract)

17. Effron incorporates herein by reference the foregoing allegations.

18. By failing to pay Effron his nonrefundable retainer, defendants have breached the 3/28 Agreement.

19. By deliberately obstructing investment by the investor group Efron brought to E21, defendants have prevented Effron from enjoying the fruits of the parties' agreements, thereby breaching their contractual obligations.

20. Defendants are liable to Effron for damages.

{00203275v1}

## SECOND CLAIM FOR RELIEF
(Breach of Good Faith and Fair Dealing)

21. Effron incorporates herein by reference the foregoing allegations.

22. E21 by its actions prevented Effron from reaping the benefits of his agreement with E21 and Hearn.

23. Defendants are liable to Effron for damages.

## THIRD CLAIM FOR RELIEF
(Quantum Meruit)

24. Effron incorporates herein by reference the foregoing allegations.

25. Effron provided services to defendants. Defendants knew that Effron was not providing the services gratuitously and that he expected payment.

26. As an alternative to the foregoing two claims, Effron should be paid the value of his services.

WHEREFORE, Effron prays that he be awarded judgment in his favor on the foregoing claims in an amount estimated to be no less than $3 million, together with costs, interest and attorneys fees to the extent permitted by law, and such other and further relief as seems just to the Court.

Dated: New York, New York
January 24, 2008

SILLER WILK LLP

By: _____
Stuart M. Riback (SMR 2443)
675 Third Avenue
New York, New York 10017-5704
(212) 421-2233

*Attorneys for Plaintiff Howard Effron*

{00203275v1}

COPY
JUDGE MARRERO

JS 44/SDNY
REV. 12/2005

**CIVIL COVER SHEET**    08 CV 0965

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
Howard Effron

**DEFENDANTS**
Element 21 Golf, Inc., and Nataliya Hearn

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Siller Wilk LLP
675 Third Avenue, New York, NY 10017 (212) 421-2233

**ATTORNEYS (IF KNOWN)**
Stuart M. Riback

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
This is an action for breach of contract, breach of good faith and fair dealing, and quantum meruit

Has this or a similar case been previously filed in SDNY at any time? No [X]  Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol. [ ]  Invol. [ ]  Dismissed. No [ ]  Yes [ ]  If yes, give date _____ & Case No. _____

JAN 29 2008
U.S.D.C. S.D.N.Y.
CASHIERS

(PLACE AN [x] IN ONE BOX ONLY)    **NATURE OF SUIT**

**ACTIONS UNDER STATUTES**

**TORTS**

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [x] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY
- [ ] 196 FRANCHISE

**PERSONAL INJURY**
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [ ] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

**PERSONAL INJURY**
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**ACTIONS UNDER STATUTES**

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446 AMERICANS WITH DISABILITIES -OTHER
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 660 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

Check if demanded in complaint:

CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $ 3,000,000    OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [ ] YES  [X] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.?
IF SO, STATE:

JUDGE _____    DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

**(PLACE AN x IN ONE BOX ONLY)** — **ORIGIN**

- [x] 1 Original Proceeding
- [ ] 2a. Removed from State Court
- [ ] 2b. Removed from State Court AND at least one party is a pro se litigant
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from (Specify District)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judge Judgment

**(PLACE AN x IN ONE BOX ONLY)** — **BASIS OF JURISDICTION**

- [ ] 1 U.S. PLAINTIFF
- [ ] 2 U.S. DEFENDANT
- [ ] 3 FEDERAL QUESTION (U.S. NOT A PARTY)
- [x] 4 DIVERSITY

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW. (28 USC 1332, 1441)**

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**
(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF | DEF |  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [x] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [x] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

**PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)**

Howard Effron
123 East 54th Street, Apt. 4D
New York, New York  10022

**DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)**

Element 21 Golf, Inc.
200 Queens Quay East, Unit 1
Toronto, Ontario

Nataliya Hearn
c/o Element 21 Golf, Inc.
200 Queens Quay East, Unit 1
Toronto, Ontario

**DEFENDANT(S) ADDRESS UNKNOWN**
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

Check one: THIS ACTION SHOULD BE ASSIGNED TO:  [ ] WHITE PLAINS    [x] FOLEY SQUARE
(DO NOT check either box if this a PRISONER PETITION.)

DATE 1/28/08
RECEIPT #
SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 08  Yr. 1986 )
Attorney Bar Code # SMR2443

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

J Michael McMahon, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)